IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| KENNETH L. YOUNG, | ) |
| Plaintiff, | ) |
| v. | ) CIVIL ACTION NO. 1:13-CV-908-TMH |
| | ) [WO] |
| OFFICER PULIN, *et al.*, | ) |
| Defendants. | ) |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff, an inmate incarcerated a the Houston County Jail in Dothan, Alabama, files this 42 U.S.C. § 1983 complaint alleging that he received inadequate medical care after he slipped and hit his head while in one of the jail's holding cells. The named defendants are Officer Pulin, Sheriff Andy Hughes, Keith Reed, Officer Reese, and the Houston County Jail. Plaintiff is unsure what can be done for him, but indicates that his head still hurts, his eyesight is blurry, he has high blood pressure, and he believes it is unfair that he must pay for medical treatment while incarcerated. Upon review of the complaint, the court concludes that dismissal of this case prior to service of process is appropriate under 28 U.S.C. § 1915(e)(2)(B).[1]

## I.  FACTS

---

[1] A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

On November 25, 21013, Plaintiff was in custody in a holding cell at the Houston County Jail. Water that had come "from out the wall" ran into the middle of the floor of the cell. Plaintiff slipped and fell due to the water on the floor and hit his head on concrete. He requested medical help but states that Officer Pulin told him there was nothing he could do. Plaintiff complains that it took "maybe" eight hours before he received medical assistance. *Doc. No. 2* at 2-3.

## II. DISCUSSION

*A. The Houston County Jail*

The Houston County Jail is not a legal entity and, therefore, is not subject to suit or liability under § 1983.  *See Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992).  In light of the foregoing, the court concludes that Plaintiff's claims against this defendant should be dismissed.  *Id.*

*B. Defendants Hughes, Reed, and Reese*

Plaintiff names Sheriff Hughes, Officer Reese, and Keith Reed as defendants. To the extent Plaintiff names these individuals as defendants based on their supervisory positions, the law is settled that supervisory personnel cannot be liable under § 1983 for a constitutional violation of one of their subordinates via a theory of *respondeat superior* or on the basis of vicarious liability. *Monell v. Dep't of Social Servs.,* 436 U.S. 658, 691-95  (1978)  (doctrine of *respondeat superior* is inapplicable to § 1983 actions);  *Belcher v. City of Foley*, 30 F.3d 1390, 1396 (11th Cir. 1994) (42 U.S.C. § 1983 does not allow a plaintiff to hold supervisory

officials liable for the actions of their subordinates under either a theory of *respondeat superior* or vicarious liability); *see also Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003) (holding that a supervisory official is liable only if he "personally participate[d] in the alleged unconstitutional conduct or [if] there is a causal connection between [his] actions ... and the alleged constitutional deprivation."). Moreover, other than naming Sheriff Hughes, Officer Reese, and Keith Reed as defendants, Plaintiff makes no specific allegations against them or indicate how these individuals were personally involved in the constitutional violations about which he complains. *See Potter v. Clark,* 497 F.2d 1206, 1207 (7th Cir. 1974) *(per curiam)* (court properly dismissed *pro se* complaint that was silent as to defendant except for his name appearing in caption). Accordingly, Plaintiff's complaint against Sheriff Hughes, Officer Reese, and Keith Reed is subject to dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii).  *See Neitzke v. Williams*, 490 U.S. 319 (1989).

C. *Officer Pulin*

Plaintiff maintains that after he fell and hit his head he asked Officer Pulin for medical assistance but the officer informed him there was nothing he could do. Plaintiff complains that he then waited several hours before he received medical attention. *Doc. No. 2* at 2-3.

In order to state a claim under 42 U.S.C. § 1983 based on a failure to provide adequate medical treatment, Plaintiff must allege that he has or had a serious medical condition and that prison officials were deliberately indifferent to his needs.[2] *Estelle v. Gamble*, 429 U.S.

---

[2]It is unclear from the complaint whether Plaintiff is a pretrial detainee or convicted prisoner. If the former, the Fourteenth Amendment, rather than the Eighth Amendment, provides the appropriate

97, 106 (1976); *Taylor v. Adams*, 221 F.3d 1254 (11th Cir. 2000). A "serious medical need" is one which has been diagnosed by a physician as mandating treatment or one that is so obvious that even a layperson would easily recognize the need for a doctor's attention. *Laamon v. Helgemoe*, 437 F. Supp. 269, 311 (D.N.H. 1977); *see also Davis v. Jones*, 936 F.2d 971, 972 (7th Cir. 1991) (injury or condition is serious if it is "life threatening or pose[s] a risk of needless pain or lingering disability if not treated at once."); *Anderson-El v. O'Keefe*, 897 F. Supp. 1093, 1097 (N.D.Ill.1995) (pretrial detainee's scratch on chest was not sufficiently serious). This standard reflects society's belief that prisoners do not have a constitutional entitlement to unqualified access to health care. *Estelle*, 429 U.S. at 103-104.

Deliberate indifference is demonstrated only where prison or medical personnel consciously disregard a substantial risk of serious harm to an inmate's health or safety. *Farmer v. Brennan*, 511 U.S. 825, 836 (1994). It is the necessity of the medical treatment sought, not the desirability of such treatment, which determines whether prison and/or

---

standard for assessing whether conditions of confinement imposed upon a pretrial detainee violate the Constitution. *Bell v. Wolfish*, 441 U.S. 520, 99 S.Ct. 1861 (1979); *Lancaster v. Monroe County, Ala.*, 116 F.3d 1419, 1425 n.6 (11th Cir. 1997); *Cottrell v. Caldwell*, 85 F.3d 1480, 1490 (11th Cir. 1996) ("Claims involving the mistreatment of arrestees or pretrial detainees in custody are governed by the Fourteenth Amendment's Due Process Clause...."). However, there is no meaningful difference between the analysis required by the Fourteenth Amendment and that required by the Eighth Amendment. *Hamm v. DeKalb County*, 774 F.2d 1567, 1574 (11th Cir. 1985); *Cottrell*, 85 F3d at 1490 ("[T]he applicable standard is the same, so decisional law involving prison inmates applies equally to cases involving arrestees or pretrial detainees."). Thus, while Plaintiff's status at the jail is unclear, this court will rely on cases interpreting the Eighth Amendment's prohibition against cruel and unusual punishment and not the Fourteenth Amendment's guarantee of due process when addressing Plaintiff's inadequate medical care claim, because the standard for violations of the Eighth Amendment applies to pretrial detainees through the Due Process Clause of the Fourteenth Amendment. *Tittle v. Jefferson County Commission*, 10 F.3d 1535, 1539 (11th Cir. 1994) (observing "[w]hether the alleged violation is reviewed under the Eighth or Fourteenth Amendment is immaterial.").

medical officials have exhibited deliberate indifference. *See Hudson v. McMillian,* 503 U.S. 1, 9 (1992); *Hamm v. DeKalb County*, 774 F.2d. 1567, 1575 (11th Cir. 1985); *see also Hill v. Dekalb Reg'l Youth Det. Ctr.*, 40 F.3d 1176, 1188-89 (11th Cir. 1994), *abrogated on other grounds by Hope v. Pelzer*, 536 U.S. 730, 739 (2002) (claims that specific medical procedures have been impermissibly delayed require an inmate to put verifying medical evidence in the record to establish the detrimental effect of delay in medical treatment). A showing of negligence, neglect, or medical malpractice is also insufficient to establish a constitutional violation. *Rogers v. Evans*, 792 F.2d 1052 (11th Cir. 1986); *see also Fielder v. Bosshard*, 590 F.2d 105, 107 (5th Cir. 1979). Further, "an official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot under our cases be condemned as the infliction of punishment." *Farmer*, 511 U.S. at 838.

The context in which Officer Pulin informed Plaintiff there was nothing he could after Plaintiff advised him he had fallen and hit his head is unclear. Nonetheless, Plaintiff's allegation against Officer Pulin, without more, fails to state a violation of Plaintiff's constitutional rights, as Officer Pulin's conduct does not rise to the level of deliberate indifference to a serious medical need based on the facts alleged in the complaint. Plaintiff alleges no facts which indicate that Officer Pulin knowingly disregarded a substantial risk to Plaintiff's health. Further, Plaintiff has not alleged that any delay in obtaining and/or providing him with medical care for his injury resulted in any detrimental effect. *Hill*, 40

F.3d at 1188-89.  In light of the foregoing, the court concludes that this claim is due to be dismissed under 28 U.S.C. § 1915(e).[3]  *See Neitzke*, 490 U.S. 319.

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be DISMISSED with prejudice prior to service of process pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(i-ii).

It is further

ORDERED that **on or before January 21, 2014,** Plaintiff may file an objection to the Recommendation. Any objection filed must specifically identify the findings in the Magistrate Judge's Recommendation to which Plaintiff  objects.  Frivolous, conclusive or general objections will not be considered by the District Court.   Plaintiff is advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file a written objection to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District

---

[3] The court notes that in the relief section of the complaint Plaintiff complains that it is "not fair" that he has to pay for his medical treatment while he is incarcerated. Requiring inmates with adequate resources to pay for a small portion of their medical care does not necessarily result in arbitrary or burdensome procedures that amount to a constitutional violation. *See Reynolds v. Wagner*, 936 F. Supp. 1216, 1224 (E.D. Pa. 1996). Plaintiff does not allege that he was refused <u>necessary</u> medical treatment because he lacked sufficient funds, or that he has been or will be denied necessary medical treatment in the future, or that his health will be endangered by the imposition of a fee for proposed medical service. Plaintiff's assertion simply reflects his belief that he is entitled to the benefit of cost-free maintenance. The law is clear that if an inmate is unable to pay for necessary medical care, he must be maintained at state expense. *Estelle v. Gamble*, 429 U.S. 97.  It is equally clear, however, that fee-for-medical and/or dental services programs do not compel inmates to bear unconstitutional conditions, but rather, require them to make responsible resource allocation decisions. *See Martin v. DeBruyn*, 880 F.Supp. 610, 614 (N.D. Ind. 1995).

Court of issues covered in the report and shall bar a party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

DONE, this 6th day of January, 2014.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE